# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Muscle Flex, Inc., a California corporation** | Civil Action No. 1:18-cv-1140-TWP-TAB |
| **Plaintiff,** | |
| **v.** | |
| **Simon Property Group, L.P., Simon Property Group, Inc., Matt Murat Dagli, New Purple LLC** | Jury Trial Demanded |
| **Defendants.** | |

## SIMON PROPERTY GROUP, L.P. AND SIMON PROPERTY GROUP, INC'S ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Simon Property Group, L.P. and Simon Property Group, Inc. ("the Simon Defendants"), for their Answer and Affirmative Defenses to Plaintiff's Complaint for Trademark Infringement, Unfair Competition, and Trademark Dilution (hereinafter "Plaintiff's Complaint"), repeat the allegations in that Complaint and respond to them as follows:

1.     Plaintiff Muscle Flex owns the federally registered mark "World of Leggings" and has invested substantial time, energy, and money into its World of Leggings brand. Plaintiff's website, worldofleggings.com, is the top Google search result for many searches related to "leggings" and "world," has garnered 5.5 million visitors, 27 million views, and millions of dollars in sales across the United States.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint, and therefore deny them.**

19425865.2

2.      Matt Dagli, Simon Mall Group, L.P., and Simon Mall Group, Inc. (together with

New Purple, LLC, "Defendants") have cooperated to open several stores under the name

"Leggings World" in Simon properties across the Midwest and Northeast, including Indiana.

Even after Mr. Dagli received—and ignored—a cease and desist letter from Muscle Flex in

January 2018, Defendants have continued operating and promoting Leggings World stores in

Simon Properties.

**ANSWER:**

**The Simon Defendants deny that they have "cooperated" with any of the other defendants "to open" any stores under the Leggings World name, as they or their related entities have only leased space to Mr. Dagli at three (3) shopping centers where he previously operated his store for a short time as Leggings World.   Further, the Simon Defendants never had notice of Plaintiff's claimed trademark rights until they received a letter from Plaintiff dated March 29, 2018, and thereafter promptly demanded that Mr. Dagli stop operating under such name at the Simon shopping centers.   The Simon Defendants deny all other allegations set forth in Paragraph 2 of the Complaint.**

3.      On February 16, the Patent and Trademark Office ("PTO") informed Mr. Dagli that

his applied-for mark, "Leggings World," would cause a likelihood of confusion with Plaintiff's

mark, "World of Leggings."  In response to the PTO's refusal, Mr. Dagli—acting through New

Purple LLC, the entity that formally applied for the mark—abandoned his trademark application

on March 11—but not before he, in his personal capacity as the named tenant on Simon leases,

began a sales promotion with Simon, on February 28, for clothing at a Leggings World location in

a Simon mall.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 3 of the Complaint, and therefore deny them.**

19425865.2

4.      Despite abandoning the trademark application for "Leggings World" because it would cause a likelihood of confusion with Plaintiff's federally registered mark, Mr. Dagli continues to operate Leggings World retail stores in Simon properties and, on information and belief, elsewhere.

**ANSWER:**

**The Simon Defendants deny that Mr. Dagli continues to operate any store under the name LEGGINGS WORLD in any Simon shopping centers. The Simon Defendants are presently without sufficient information to admit or deny the remaining allegations set forth in Paragraph 4 of the Complaint, and therefore deny them.**

5.      When Muscle Flex complained of the infringement to Simon by letter dated March 29, 2018, Simon responded by removing instances of "Leggings World" from its website and digital directories inside its malls, and sending cease-and-desist letters to tenants operating under the "Leggings World" name in its properties.

**ANSWER:**

**The Simon Defendants admit the allegations set forth in Paragraph 5 of the Complaint.**

6.      Muscle Flex's March 29 letter requested not only cessation of infringing activities, but also a full accounting of funds received that are attributable to use of the Leggings World mark. Simon has not indicated any willingness to provide such an accounting. Instead, Simon has stated: "Simon is willing to cooperate and do what it can to cause the cessation of any tenant's infringing use of the LEGGINGS WORLD mark at any Simon property. Should Muscle Flex decide, however, to initiate formal litigation against Simon, it will have left Simon with no choice but to reconsider its position." In other words, if Muscle Flex seeks that which it is entitled to—damages associated with Simon's unauthorized use of a mark infringing Muscle

3

Flex's federally registered mark—then Simon will consider whether to cause more infringement of Muscle Flex's federally registered mark.

**ANSWER:**

**The Simon Defendants state that the referenced written correspondence between the parties speaks for itself, and deny Plaintiff's characterizations or interpretations that take statements made therein out of context and/or misconstrue them. To the extent further response is required, the Simon Defendants deny the allegations set forth in Paragraph 6 of the Complaint.**

7. Defendants' trademark infringement and other wrongful acts are ongoing, are causing irreparable harm to Muscle Flex, and will continue unless enjoined by this Court.

**ANSWER:**

**The Simon Defendants deny that they have engaged in any trademark infringement with respect to Muscle Flex, and further state that they promptly undertook to demand that any use of the accused marks involving Simon shopping centers ceased. The Simon Defendants thus deny the allegations set forth in Paragraph 7 of the Complaint.**

8. Muscle Flex is bringing this case to recover damages for (among other things) trademark infringement and to stop Defendants from using the mark "Leggings World," which the PTO has already found results in a likelihood of confusion with "World of Leggings."

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the reasons why Muscle Flex filed this lawsuit – other than to deny that its purpose is to stop the Simon Defendants and tenants in Simon shopping centers from using the accused mark, as such uses have already stopped. The Complaint otherwise speaks for itself, as do the actions and findings of the PTO, and no further response is required. To the extent further response is required, the Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Complaint, and therefore deny them.**

19425865.2

## The Parties

9.     Muscle Flex is a California corporation with its principal place of business in Los Angeles, California.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore deny them.**

10.     Muscle Flex owns and operates physical and online retail stores featuring leggings and other women's clothing and sells its products across the United States under the name "World of Leggings."

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and therefore deny them.**

11.     Defendant Simon Property Group, Inc. is a Delaware corporation that operates as a self-administered and self-managed real estate investment trust.

**ANSWER:**

**The Simon Defendants admit the allegations set forth in Paragraph 11 of the Complaint.**

12.     Simon Property Group, Inc.'s majority-owned subsidiary, Defendant Simon Property Group, L.P. (together with Simon Property Group, Inc., "Simon"), is a Delaware partnership that owns all of Simon's real estate properties and other assets.

**ANSWER:**

**The Simon Defendants admit the allegations set forth in Paragraph 12 of the Complaint.**

19425865.2

13.     Simon operates Simon Property Group, Inc. and Simon Property Group, L.P. as

one business and operates substantially all of its business through Simon Property Group, L.P.

**ANSWER:**

**The Simon Defendants admit that Simon Property Group, L.P. is the operating partnership for the Simon business but deny all other allegations set forth in Paragraph 13 of the Complaint.**

14.     Simon owns, develops, and manages retail real estate properties—mostly malls and

premium outlets. As of December 31, 2016, Simon owned or held an interest in 206 income-

producing properties in the United States, including 108 malls and 67 premium outlets.

**ANSWER:**

**The Simon Defendants admit the allegations set forth in Paragraph 14 of the Complaint.**

15.     Defendant Matt Murat Dagli is an individual who primarily resides in Texas.  He is

the President of New Purple LLC ("New Purple"), a Texas limited liability company that served as

the trademark applicant for the "Leggings World" mark.  Mr. Dagli owns, operates, or manages,

stores in Simon properties under the name "Leggings World," or is otherwise responsible for

ownership, operation, and management through franchising or other agreements.  Mr. Dagli signed, in

his personal capacity, several leases for space in Simon properties to operate "Leggings World"

stores—including a lease for property at Simon's College Mall in Bloomington, Indiana—and he

personally owns, operates, or manages at least the Leggings World stores leased in his own name.

19425865.2

**ANSWER:**

**The Simon Defendants admit only that Mr. Dagli entered into a lease for space at three (3) Simon shopping centers under which Mr. Dagli previously operated his store for a short time as Leggings World, including at College Mall in Bloomington, Indiana. The Simon Defendants are presently without sufficient information to admit or deny the remaining allegations set forth in Paragraph 15 of the Complaint, and therefore deny them.**

### Jurisdiction and Venue

16.     This is a civil action arising under the Lanham Act, Title 15, United States Code §§ 1051 et seq.

**ANSWER:**

**The Complaint speaks for itself, and no further response from The Simon Defendants here is required.**

17.     The Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

**ANSWER:**

**The Simon Defendants admit that the Court has subject matter jurisdiction here and has supplemental jurisdiction over the state law claims here.**

18.     This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in this state and in this judicial district, and a significant portion of the acts complained of herein occurred in this judicial district.

**ANSWER:**

**The Simon Defendants admit that this Court has personal jurisdiction over them here.**

19425865.2

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because each

Defendant either resides in this district or has substantial and continuous ties to this district.

**ANSWER:**

**The Simon Defendants admit that venue in this district is proper here.**

**Factual Allegations**

20.     Muscle Flex has operated under the "World of Leggings" name since at least as

early as 2011 and owns United States Trademark Registration Number 4,188,135 for the mark

"World of Leggings" for use in connection with "Retail Store and On-Line Retail Store Services

Featuring Leggings, Shorts, Shirts, Lingerie and Workout Clothing."  A true and correct copy of

the trademark registration is attached hereto as Exhibit 1.  "World of Leggings" has been used in

commerce continuously for a five-year period in connection with these services, is still in use,

and is incontestable under 15 U.S.C. § 1065.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit
or deny the allegations set forth in Paragraph 20 of the Complaint, and
therefore deny them.**

21.     The "World of Leggings" mark is prima facie evidence of Muscle Flex's

exclusive right to use the registered trademark in commerce and of the validity and ownership of

the mark.  Muscle Flex is entitled to constructive use rights, including nationwide priority rights,

as of the filing dates of the application that matured into the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit
or deny the allegations set forth in Paragraph 21 of the Complaint, and
therefore deny them.**

8

22.     In addition to its statutory rights, Muscle Flex has common law rights to the "World of Leggings" mark by virtue of its continuous use of the mark in commerce in connection with the services described above.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 22 of the Complaint, and therefore deny them.**

23.     Muscle Flex has used the "World of Leggings" mark in interstate commerce to indicate the source of Muscle Flex's services since at least as early as 2011.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 23 of the Complaint, and therefore deny them.**

24.     Muscle Flex has spent hundreds of thousands of dollars and substantial time advertising and marketing the "World of Leggings" mark and establishing the "World of Leggings" mark as an indicator of source, origin, and quality.  "World of Leggings" is presently the top search result on Google for "leggings" and "world" related searches, the World of Leggings website has garnered 5.5 million unique visitors and nearly 27 million views, and millions of dollars in sales are attributable to the "World of Leggings" brand.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 24 of the Complaint, and therefore deny them.**

19425865.2

25.     On November 5, 2017, Defendant Matt Dagli, through New Purple LLC, filed a trademark application with the PTO for the mark "Leggings World."

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 25 of the Complaint, and therefore deny them.**

26.     According to its trademark application, New Purple began selling leggings under the name "Leggings World" in 2014, and in 2017 began using "Leggings World" in connection with physical retail locations selling clothing.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 26 of the Complaint, and therefore deny them.**

27.     Leggings World stores are operated in Simon-owned/managed properties.  As of April 11, Leggings World stores were operating in the following Simon properties: Burlington Mall (Burlington, Massachusetts), College Mall (Bloomington, Indiana), Mall of Georgia (Buford, Georgia), Grove City Premium Outlets (Grove City, Pennsylvania), Pheasant Lane Mall (Nashua, New Hampshire), Livingston Mall (Livingston, New Jersey), the Mall at Rockingham Park (Salem, New Hampshire), and The Mall of New Hampshire (Manchester, New Hampshire) (the "Local Malls").  (Simon's legally owns less than 100% of the malls in New Hampshire, but both remain managed by Simon.)

19425865.2

**ANSWER:**

**The Simon Defendants admit that certain tenants formerly operated stores under the Leggings World name in certain shopping centers that were owned or operated by the Simon Defendants or related entities thereof.  The Simon Defendants deny that such stores continue to use the accused LEGGINGS WORLD name, as such uses stopped shortly after the Simon Defendants received the March 29, 2018 letter from Plaintiff and demanded that tenants cease such use.  The Simon Defendants are presently without sufficient information to admit or deny the remaining allegations set forth in Paragraph 27 of the Complaint, and therefore deny them.**

28.     On or about January 16, 2018, Plaintiff Muscle Flex sent a cease-and-desist letter to New Purple, to the correspondence email addresses reflected on New Purple's trademark application.  (One or both of these email addresses—daglim25@hotmail.com and salesnewpurple@gmail.com—is controlled by Mr. Dagli.)  Among other things, the letter stated that Muscle Flex is the owner of the "World of Leggings" mark and informed New Purple that "Leggings World" is, on its face, confusingly similar to Muscle Flex's federally registered mark and that New Purple's conduct amounted to trademark infringement.  Neither New Purple nor Mr. Dagli ever responded.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and therefore deny them.**

19425865.2

29.     On or about February 16, 2018, the PTO refused registration of New Purple's "Leggings World" mark because it found a likelihood of confusion between the "Leggings World" mark and Plaintiff's "World of Leggings" mark. The PTO found that "[t]he marks create the same commercial impression because of the common words, LEGGINGS and WORLD" and that they "have the same overall meaning." The PTO concluded: "Because the marks are similar, and because the goods and services are related, there is a likelihood of confusion as to the source of the goods and services."

**ANSWER:**

**The PTO's findings and conclusions speak for themselves, and the Simon Defendants object to any characterization of such that takes them out of context, is incomplete, or otherwise misconstrues them. The Simon Defendants otherwise are presently without sufficient information to admit or deny the allegations set forth in Paragraph 29 of the Complaint, and therefore deny them.**

30.     After and despite receiving a cease and desist from Muscle Flex, Leggings World retail operations continued unabated. On February 28, 2018, Mr. Dagli and Simon together began a retail advertising promotion for the Leggings World at College Mall, "3 for $30 entire store," using at least Simon's website. The sale period was listed as "Valid from February 28, 2018 to February 1, 2019."

**ANSWER:**

**The Simon Defendants deny that they began the alleged retail advertising promotion, independently or "together" with Mr. Dagli. Mr. Dagli (alone) announced a promotion at his Leggings World store, solely (to the Simon Defendants' knowledge) in one mall location - the College Mall, located in Bloomington, Indiana. The Simon Defendants thereafter repeated the news of that promotion on the Simon Defendants' website for a brief period, which ended immediately after the Simon Defendants' receipt of Plaintiff's March 29, 2018 demand letter notifying them, for the first time, of Muscle Flex's claimed rights in the WORLD OF LEGGINGS mark and its objections to**

**the use of the LEGGINGS WORLD name. The Simon Defendants deny all other allegations set forth in Paragraph 30 of the Complaint.**

31.     On or about March 11, 2018, Mr. Dagli, through New Purple, abandoned the

trademark application with the PTO. Despite the abandonment, Leggings World stores continue

to operate in Simon properties. Simon advertised special hours on its website for the Leggings

World at Grove City, for example, as recently as April 2, 2018.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 31 of the Complaint that relate to Mr. Dagli's alleged abandonment of the referenced trademark application, and therefore deny them. The Simon Defendants deny all remaining allegations set forth in Paragraph 31 of the Complaint.**

32.     On information and belief, Simon, through its employees, is specifically

responsible for approving leases within the Local Malls for stores using the "Leggings World"

mark and when providing other services that Simon knew, or should have known, would be used

to infringe Muscle Flex's "World of Leggings" mark. Simon is also responsible for causing

advertisements using the "Leggings World" mark to appear on its website, which, according to

ICANN registrant data, is registered to Simon Property Group, L.P.

**ANSWER:**

**The Simon Defendants admit that the website www.simon.com is registered to SPG Limited Partnership. The Simon Defendants deny all other allegations set forth in Paragraph 32 of the Complaint, which is impossibly vague and ambiguous.**

19425865.2

33.     Simon manages every asset that it owns as if it is their only asset.  Simon exercises authority over the leasing practices of the Local Malls, including by providing employees and resources and otherwise managing the Local Malls.  For example, Burlington Mall's long-term leasing manager also serves as the leasing manager for South Shore Plaza, and Burlington Mall's short-term leasing representative is also responsible for short-term leasing at Pheasant Lane Mall.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 33 of the Complaint, and therefore deny them.**

34.     On information and belief, the managers and leasing managers for the Local Malls are Simon employees.  Their email addresses, ending in "simon.com," reflect the identity of their employer, and some of these Simon employees serve as leasing managers for multiple Local Malls.

**ANSWER:**

**The Simon Defendants admit that shopping center managers and specialty leasing representatives are employed by the Simon Defendants or affiliates thereof and also that some specialty leasing representatives may have short-term leasing responsibilities at multiple shopping centers.  The Simon Defendants deny the remaining allegations set forth in Paragraph 34 of the Complaint.**

19425865.2

35.     Simon profits directly from the wrongful conduct described in this complaint.  For example, Simon collects rent from stores operating under the "Leggings World" mark.  And, as a condition of many leases, Simon requires a portion of its tenants' sales to be paid to Simon.  On information and belief, the Local Malls' leases with the Leggings World stores require a portion of sales to be paid to Simon.

**ANSWER:**

**The Simon Defendants deny that they profit directly from the alleged wrongful conduct described in this Complaint.  The Simon Defendants admit that the landlord of a particular shopping center receives minimum rent payments from tenants who lease space from such landlord.  The Simon Defendants admit that, in certain instances, the landlord may also receive percentage rent payments derived from the tenant's sales that exceed a certain threshold amount.   The Simon Defendants deny all remaining allegations set forth in Paragraph 35 of the Complaint.**

36.     Simon requires all employees, including the employees of its subsidiaries, to adhere to a "Code of Business Conduct and Ethics."  This Code directs Simon employees to report the violation of any law, rule, or regulation—including violations related to intellectual property laws— to either the employee's immediate supervisor or Simon's General Counsel.

**ANSWER:**

**The Simon Defendants admit that they have a Code of Business Conduct and Ethics and that the document speaks for itself.**

37.     When Simon has disputes with a retailer with locations across many of the stores it owns and manages, the company brings suit against them in the name of Simon Property Group, L.P., opting to disregard the corporate form of its various subsidiaries.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 37 of the Complaint.**

19425865.2

38.     Simon often includes in its leases a provision that limits the ability of tenant retail stores to change their branding, store name, or general business operations.  For example, in multiple Simon-property leases in Florida, Simon's leases required that tenant's "business shall be conducted in Tenant's own name or under the [specified name] unless another name is previously approved in writing by Landlord."  These leases further restrict tenant's use of premises to the primary business activity set forth in the lease.  For further example, similar lease terms are present in a Simon-controlled lease in California, requiring tenant's "business [] be conducted under the Trade Name set forth in Article I unless another name is previously approved in writing."

**ANSWER:**

**These allegations are impossibly vague and ambiguous, and the Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 38 of the Complaint as stated, and therefore deny them. Further, the leases are legal documents that speak for themselves.**

39.     On information and belief, similar trade-name provisions are present in Simon's leases with Mr. Dagli and those in privity with Mr. Dagli or New Purple, preventing or restricting the ability to operate under a different name.

**ANSWER:**

**These allegations are impossibly vague and ambiguous, and the Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 39 of the Complaint as stated, and therefore deny them.  Further, the leases are legal documents that speak for themselves.**

19425865.2

40.     Simon provides advertising and media promotion intended to drive consumer traffic to the Local Malls and individual businesses, including Leggings World stores, in the Local Malls.  On information and belief, when Simon manages and spends promotional funding to drive such traffic, they collect a contribution from tenants and coordinate with tenants regarding the content of the advertising.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 40 of the Complaint as they relate to the Leggings World Stores. The Simon Defendants deny all remaining allegations set forth in Paragraph 40 of the Complaint.**

41.     On information and belief, Simon also requires tenants, including Mr. Dagli and other Leggings World tenants, to participate in sales and special promotions sponsored by promotional funds and managed by Simon.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 41 of the Complaint as they relate to Dagli and the Leggings World tenants. The Simon Defendants deny all remaining allegations set forth in Paragraph 41 of the Complaint.**

42.     On information and belief, when Simon manages and spends funds on electronic, print, or outdoor advertising to benefit tenants, including the Leggings World tenants, they require a contribution from tenants.  Simon—not the individual tenants—is primarily responsible for managing such advertising.  Simon also profits from successful advertising because it collects a share of sales from many tenants.  As a condition of a lease with a tenant, Simon is also purportedly authorized by the tenant to use the tenant's trade name and a brief description of the tenant's business in connection with the electronic, print, or outdoor advertising.

19425865.2

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 42 of the Complaint as they relate to the Leggings World tenants. The Simon Defendants deny all remaining allegations set forth in Paragraph 42 of the Complaint.**

43.     The "World of Leggings" mark and the business of Muscle Flex are presently known to all Defendants.

**ANSWER:**

**The Simon Defendants deny that they knew of the WORLD OF LEGGINGS mark or Muscle Flex prior to their receipt of the March 29, 2018 letter sent by Muscle Flex's attorney. The Simon Defendants are presently without sufficient information to admit or deny all remaining allegations set forth in Paragraph 43 of the Complain.**

44.     On information and belief, the "World of Leggings" mark and the business of Muscle Flex were known to New Purple and Mr. Dagli at the time he adopted the "Leggings World" mark and to all Defendants at the time the first "Leggings World" store opened in a Simon property.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations regarding what New Purple or Mr. Dagli knew or when they knew it with regard to their alleged adoption of the LEGGINGS WORLD mark, and therefore deny the same.  The Simon Defendants deny all other allegations set forth in Paragraph 44 of the Complaint.**

19425865.2

45. On information and belief, the "World of Leggings" mark and the business of Muscle Flex were known to Simon when they entered into leases relating to "Leggings World" in each of the Local Malls, and when they provided services related to advertising and promotion for Leggings World stores.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 45 of the Complaint.**

46. The "Leggings World" mark bears strong similarity to the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 46 of the Complaint.**

47. Defendants have used and/or are using the "Leggings World" mark with services that are identical to or highly related to the services used by Muscle Flex.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 47 of the Complaint.**

48. Defendants have used and/or are using the "Leggings World" mark for services that dilute the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 48 of the Complaint.**

19425865.2

49.     Defendants have promoted and provided and/or are promoting and providing goods or services under the "Leggings World" mark in the same channels of trade used by Muscle Flex with "World of Leggings."

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 49 of the Complaint.**

50.     Mr. Dagli/New Purple's first commercial use of the "Leggings World" mark is much later than Muscle Flex's first use of the "World of Leggings" mark in connection with the same services.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 50 of the Complaint, and therefore deny them.**

51.     Mr. Dagli/New Purple's use of the "Leggings World" mark and its other actions described herein are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade for Muscle Flex's services, including the services listed on the "World of Leggings" registered trademark.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 51 of the Complaint, and therefore deny them.**

19425865.2

52.     Mr. Dagli/New Purple and Simon's use of the "Leggings World" mark and their actions described herein have been (and continue to be) deliberate, willful, and with disregard to the rights of Muscle Flex. This case is exceptional.

**ANSWER:**

**With regard to the allegations that relate to Mr. Dagli and New Purple, the Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 52 of the Complaint, and therefore deny them. The Simon Defendants deny all other allegations set forth in Paragraph 52 of the Complaint.**

53.     Muscle Flex has sustained and will continue to sustain irreparable injury as a result of Defendants' conduct. Muscle Flex's irreparable injury is not compensable solely by an award of monetary damages.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 53 of the Complaint.**

**First Claim for Relief**
**Trademark Infringement – 15 U.S.C. § 1114(1)**
**(Direct against Mr. Dagli/New Purple; Contributory and Direct against Simon)**

54.     Muscle Flex re-alleges every allegation in the preceding paragraphs.

**ANSWER:**

**The Simon Defendants incorporate by reference each response provided to every allegation set forth in the preceding paragraphs.**

55.     Defendants Mr. Dagli/New Purple and Simon's actions as described herein are likely to cause confusion, deception, or mistake.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 55 of the Complaint.**

19425865.2

56.     Simon provided services to Mr. Dagli knowing, or having reason to know, that the services were used to infringe Muscle Flex's "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 56 of the Complaint.**

57.     Defendants Mr. Dagli/New Purple and Simon's acts constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of registered trademarks, in connection with the sale, offering for sale, distribution or advertising of products, on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive, in violation of 15 U.S.C. § 1114(1).

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 57 of the Complaint.**

58.     As a direct and proximate result of Defendants' acts, Muscle Flex has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 58 of the Complaint.**

19425865.2

**Second Claim for Relief**
**Unfair Competition and False Designation of Origin –**
**15 U.S.C. § 1125(a)**
**(Direct against Mr. Dagli/New Purple;**
**Contributory and Direct against Simon)**

59.     Muscle Flex re-alleges every allegation in the preceding paragraphs.

**ANSWER:**

**The Simon Defendants incorporate by reference each response provided to every allegation set forth in the preceding paragraphs.**

60.     Defendants acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the services of defendant, and otherwise constitute infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 60 of the Complaint.**

61.     As a direct and proximate result of Defendants' acts, Muscle Flex has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 61 of the Complaint.**

19425865.2

**Third Claim for Relief**
**Trademark Dilution – 15 U.S.C. § 1125(c)**
**(Against All Defendants)**

62.     Muscle Flex re-alleges every allegation in the preceding paragraphs.

**ANSWER:**

**The Simon Defendants incorporate by reference each response provided to every allegation set forth in the preceding paragraphs.**

63.     The "World of Leggings" mark is distinctive and famous. The "World of Leggings" mark has been and continues to be extensively promoted and marketed nationwide. The "World of Leggings" mark has gained strong national public recognition and is eligible for protection against dilution.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 63 of the Complaint.**

64.     Defendant Mr. Dagli/New Purple's false and unauthorized use of an imitation of the "World of Leggings" mark in the advertising and promotion for its services dilutes the strength and value of the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 64 of the Complaint.**

19425865.2

65.     Defendants' willful and deliberate use of the "World of Leggings" mark in the advertising and promotion for its services, which bear no relationship to Muscle Flex, tarnishes the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 65 of the Complaint.**

66.     Without injunctive relief, Muscle Flex has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of its trademark. Muscle Flex has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Muscle Flex if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of its trademark.  Muscle Flex is entitled to injunctive relief prohibiting defendant from using the "World of Leggings" mark in conjunction with its services.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 66 of the Complaint.**

**Fourth Claim for Relief
Indiana Common Law Trademark Infringement
(Against All Defendants)**

67.     Muscle Flex re-alleges every allegation in the preceding paragraphs.

**ANSWER:**

**The Simon Defendants incorporate by reference each response provided to every allegation set forth in the preceding paragraphs.**

19425865.2

68.     Muscle Flex owns all rights, title, and interest in the "World of Leggings" mark, including all common law rights.

**ANSWER:**

**The Simon Defendants are presently without sufficient information to admit or deny the allegations set forth in Paragraph 68 of the Complaint, and therefore deny them.**

69.     Defendants, without authorization from Muscle Flex, have used spurious designations that are identical to, or substantially indistinguishable from, the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 69 of the Complaint.**

70.     The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public and the trades as to whether Defendants' counterfeit products originate from, or are affiliated with, sponsored by, or endorsed by Muscle Flex.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 70 of the Complaint.**

19425865.2

71.     On information and belief, Defendants have acted with knowledge of Muscle Flex's ownership of the "World of Leggings" mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill associated with the "World of Leggings" mark.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 71 of the Complaint.**

72.     Defendants' acts constitute trademark infringement in violation of the common law of Indiana.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 72 of the Complaint.**

73.     On information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 73 of the Complaint.**

74.     On information and belief, Defendants will continue their infringing acts, unless restrained by this Court.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 74 of the Complaint.**

19425865.2

75.     Defendants' acts have damaged and will continue to damage Muscle Flex, and Muscle Flex has no adequate remedy at law.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 75 of the Complaint.**

76.     The conduct herein complained of was extreme and was inflicted on Muscle Flex in reckless disregard for Muscle Flex's rights. The conduct was in bad faith, harmful to Plaintiff, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 76 of the Complaint.**

77.     In light of the foregoing, Muscle Flex is entitled to injunctive relief prohibiting Defendants from infringing the "World of Leggings" mark, and to recover all damages, including attorneys' fees, that Muscle Flex has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 77 of the Complaint.**

19425865.2

## Sixth Claim for Relief – Unjust Enrichment
## (Against All Defendants)

78.     Muscle Flex re-alleges every allegation in the preceding paragraphs.

**ANSWER:**

**The Simon Defendants incorporate by reference each response provided to every allegation set forth in the preceding paragraphs.**

79.     The acts complained of above constitute unjust enrichment of Defendants at Muscle Flex's expense in violation of the common law of the State of Indiana.

**ANSWER:**

**The Simon Defendants deny the allegations set forth in Paragraph 79 of the Complaint.**

WHEREFORE, Defendants, Simon Property Group, L.P., and Simon Property Group, Inc., pray that Plaintiff take nothing by way of its Complaint in this action, for costs herein, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

Defendants, Simon Property Group, L.P., and Simon Property Group, Inc., identify the following affirmative defenses upon which they may rely at the time of trial. The Simon Defendants specifically reserve the right, however, to amend, supplement, restate and/or withdraw any of these defenses or to assert additional defenses. Furthermore, by characterizing the following as defenses, the Simon Defendants do not admit that they bear the burden of proof on any of the issues raised by the following defenses.

1.     Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

2.     Plaintiff has failed to join necessary parties to this action, pursuant to Federal Rule of Civil Procedure 19.

19425865.2

3. Plaintiff's claims are barred by the applicable limitations periods.

4. Plaintiff has not suffered any damages from the alleged conduct of the Simon Defendants.

5. Plaintiff has failed to mitigate any damages it allegedly suffered from the alleged conduct of the Simon Defendants.

6. Plaintiff is barred from any relief for the alleged conduct of the Simon Defendants by the equitable doctrines of estoppel, waiver, unclean hands, acquiescence, and or additional equitable doctrines.

7. Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and has an adequate remedy at law for its alleged harms.

8. The Simon Defendants have not used any trademark asserted by Plaintiff at all and/or in a trademark way.

9. Any use by the Simon Defendants of the claimed trademark is protected by the fair use defense.

10. Any use by the Simon Defendants of the claimed trademark is protected pursuant to 15 USC 1114(2)(B).

11. Pursuant to 15 USC 1117(a), the Simon Defendants are entitled to recover an award of their reasonable attorneys' fees in defending against Plaintiff's claims.

12. Any use by the Simon Defendants of the claimed trademarks protected by the First Amendment.

13. Any damages sought and/or awarded that are punitive or otherwise enhanced would not only be inappropriate, but would also be unconstitutional, in violation *inter alia* of the

First, Fifth, and Fourteenth Amendments of the Constitution of the United States, and Sections 9, 12, and 16 of Article I of the Indiana Constitution.

14. The Simon Defendants' discovery and investigation efforts are ongoing. Accordingly, the Simon Defendants reserve the right to supplement these affirmative defenses in a timely fashion and as appropriate.

Respectfully submitted,

*/s/James M. Hinshaw*
James M. Hinshaw
Andrew M. Pendexter
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone (317) 635-8900
Facsimile (317) 236-9907
jhinshaw@bgdlegal.com
apendexter@bgdlegal.com

*Attorneys for Defendants Simon Property Group, L.P. and Simon Property Group, Inc.*

19425865.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was duly forwarded the following counsel of record on this 25 day of June, 2018, via United States first-class mail, postage paid, and via electronic mail, as follows:

Christopher A. Brown
WOODARD, EMHARDT, MORIARTY, MCNETT
& HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
cabrown@uspatent.com

Connor Lynch
LYNCH LLP
4470 W. Sunset Blvd. #90096
Los Angeles, CA 90027
Connor@lynchllp.com

/s/ James M. Hinshaw