UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Muscle Flex, Inc., a California corporation<br><br>    Plaintiff,<br>               v.<br><br>Simon Property Group, L.P.,<br>Simon Property Group, Inc.,<br>Matt Murat Dagli,<br>New Purple LLC<br><br>    Defendants. | Civil Action No. 1:18-cv-1140-TWP-TAB<br><br><br><br><br>Jury Trial Demanded |

**Case Management Plan**

I.    **Parties and Representatives**

    A.    Plaintiff: Muscle Flex, Inc., a California corporation

          Defendants: Simon Property Group, L.P., Simon Property Group, Inc., Matt Murat Dagli, New Purple LLC

    B.    Counsel for Plaintiff:

                Connor Lynch
                LYNCH LLP
                connor@lynchllp.com
                4470 W. Sunset Blvd. #90096
                Los Angeles, CA 90027
                (949) 229-3141

                Christopher A. Brown
                WOODARD EMHARDT NAUGHTON MORIARTY & MCNETT
                Bank One Center
                111 Monument Circle
                Suite 3700
                Indianapolis, IN 46204-5137
                317-634-3455
                Fax: 317-637-7561
                Email: cbrown@uspatent.com

      Counsel for Defendants Simon Property Group, Inc. and Simon Property Group, L.P.:

> James M. Hinshaw
> Andrew M. Pendexter
> BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
> 2700 Market Tower
> 10 West Market Street
> Indianapolis, IN 46204
> (317) 635-8900
> Fax: (317) 236-9907
> Email: jhinshaw@bgdlegal.com
> Email: apendexter@bgdlegal.com

Attorney for Matt Murat Dagli:

> Unknown/Pro se

Attorney for New Purple, LLC:

> Unknown

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

A. The Plaintiff and Defendants Simon Property Group, L.P., and Simon Property Group, Inc. ("Simon") agree this court has subject matter jurisdiction because this is an action arising under the trademark laws of the United States joined with related state law claims, jurisdiction being conferred by 15 U.S.C. § 1331 and 1338 and jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367.

B. <u>Plaintiff's Statement</u>: Defendants' use of LEGGINGS WORLD mark constitutes willful trademark infringement, dilution, and unfair competition and will cause irreparable harm to Muscle Flex, Inc. Simon Defendants, in particular, used the LEGGINGS WORLD trademark online on the simon.com website and in mall directories in connection with the advertising of goods and services sold and offered at Simon-controlled properties by tenants, including Dagli and New Purple, paying rent to Simon.

C. <u>Simon Defendants' Statement</u>: Defendants Dagli and New Purple chose and used LEGGINGS WORLD to name their store(s) and promote their product offerings. The Simon Defendants did not. The only relationship between the Simon Defendants and Defendants Dagli and/or New Purple is that the latter are tenants in at least one of the Simon Defendants' retail shopping malls. Any use by the Simon Defendants of the accused name was never done in a trademark way, at all times constituted a fair use, was never done with any knowledge of Plaintiff's claimed trademark rights, and is otherwise protected under 15 USC 1114(2)(B). No damages

claimed by Plaintiff are in any way caused by or attributable to the Simon Defendants' conduct.

**III.    Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 13, 2018.

B. Plaintiff shall file preliminary witness and exhibit lists on or before August 20, 2018.

C. Defendants shall file preliminary witness and exhibit lists on or before August 27, 2018.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before September 13, 2018.

E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before September 13, 2018. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 13, 2019. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 30, 2019; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before May 30, 2019.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than August 2, 2019. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before June 13, 2019. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  Discovery of electronically stored information ("ESI").

The parties are engaging in discussion surrounding the discovery of ESI and will submit an ESI discovery supplement and/or an ESI protocol to the Court soon.

The parties agree the following provisions shall apply:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.  Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. Plaintiff believes this case is appropriate for summary judgment because Defendants' use of the LEGGINGS WORLD mark is undisputed, the Simon Defendants acknowledge that the USPTO's refusal to register the LEGGINGS WORLD mark for being confusingly similar to Plaintiff's WORLD OF LEGGINGS speaks for itself, and all others of Plaintiff's claims flow from these factual bases. Thus, only questions of law remain.

Defendants disagree that infringement is resolvable as a matter of law on summary judgment – and the Dagli and New Purple defendants will undoubtedly refute such if and when they are properly served and joined to this lawsuit by Plaintiff.

In addition, the Simon Defendants anticipate that the claims against them can be resolved through summary judgment because the undisputed facts will demonstrate that any use by the Simon Defendants of the accused name was never done in a trademark way, at all times constituted a fair use, was never done with any knowledge of Plaintiff's claimed trademark rights, and is otherwise protected under 15 USC 1114(2)(B).

B. On or before February 20, 2019, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Parties' Proposed Track:
  __X__ Track 2: Dispositive motions are expected and shall be filed by August 13, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by February 13, 2019; expert witness discovery and discovery relating to damages shall be completed by July 13, 2019. All remaining discovery shall be completed by August 13, 2019.

  <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in January 2019.**

VI. **Trial Date**

The parties request a trial date in late January 2020. The trial is by jury and is anticipated to take 5 days.

**VII.   Referral to Magistrate Judge**

 L. **Case**. At this time, the parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

**VIII.   Required Pre-Trial Preparation**

 A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

  2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

  3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

  4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

        4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**    **Other Matters**

Simon Defendants:  While Plaintiff has named Dagli and New Purple as defendants in this action, these Defendants have not yet appeared or responded to the Complaint.  If they have not been properly served, or cannot be properly joined, then the lawsuit may be subject to dismissal pursuant to Rule 19(b).

Plaintiff's Response: Plaintiff effected service on Mr. Dagli first at the address indicated for him as New Purple LLC's registered agent for service of process on April 26, 2018. Mr. Dagli was not found at the address indicated, though the UPS Store at that location appears authorized at least to receive mail on his behalf. Courtesy copies were also sent via email on April 26 to the email address on Mr. Dagli's trademark application to the United States Patent and Trademark Office.

Mr. Dagli has not contacted Plaintiff or responded in any way to this lawsuit. In an abundance of caution before seeking entry of default, Plaintiff also effected service on June 15, 2018 at Mr. Dagli's last known address by leaving a copy of the summons and complaint with an unidentified adult co-occupant after what appeared to be attempts by an occupant inside to avoid service. Plaintiffs intend to seek entry of default imminently against Defendants Dagli and New Purple.

Respectfully submitted,

| | |
|---|---|
| /s/ Connor Lynch | /s/ James Hinshaw (with permission) |
| Connor Lynch (admitted *pro hac vice*) | James M. Hinshaw |
| LYNCH LLP | Andrew M. Pendexter |
| 4470 W. Sunset Blvd. #90096 | Bingham Greenebaum Doll LLP |
| Los Angeles, CA 90027 | 2700 Market Tower |
| (949) 229-3141 | 10 West Market Street |
| connor@lynchllp.com | Indianapolis, IN 46204 |
| | Telephone (317) 635-8900 |
| Christopher A. Brown | Facsimile (317) 236-9907 |
| WOODARD, EMHARDT, MORIARTY, | jhinshaw@bgdlegal.com |
| MCNETT | apendexter@bgdlegal.com |
| & HENRY LLP | |
| 111 Monument Circle, Suite 3700 | *Attorneys for Defendants Simon Property Group,* |
| Indianapolis, Indiana 46204 | *L.P. and Simon Property Group, Inc.* |
| Tel.: (317) 634-3456 | |
| Fax: (317) 637-7561 | |

*Attorneys for Plaintiff Muscle Flex, Inc.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ___.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT ____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM ___; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____                    _____
Date                                                                               U. S. District Court
                                                                                            Southern District of Indiana